UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BRADY TUCKER, RYAN HILTON, AND
STANTON SMITH, Individually and on Behalf of
All Others Similarly Situated,

                                                                          Case No. 1:18-cv-03155-KPF

                              Plaintiffs,
        -against-

CHASE BANK USA, N.A.,

                              Defendant.
------------------------------------------------------------ X

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
## FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion") came before this Court for hearing on _____, 2020. The Court, having fully reviewed the Motion, the supporting Memorandum of Points and Authorities and Declarations filed in support thereof, including the Settlement Agreement and Release (the "Agreement") and the Notice of Settlement (the "Notice"), and for good cause appearing, HEREBY ORDERS AS FOLLOWS:

1. The Court grants preliminary approval of the parties' settlement (the "Settlement") based upon the terms set forth in the Agreement, which is attached as Exhibit A to the Declaration of David J. Harris, Jr. and is incorporated in full by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Class.

2. All capitalized terms defined in the Agreement shall have the same meaning when used in this Order.

3. The Settlement falls within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and appears to be presumptively valid, subject

only to any objections that may be raised at the Final Approval Hearing and final approval by this Court.  The Court notes that Defendant JPMorgan Chase Bank, N.A., f/k/a Chase Bank USA, N.A. ("Chase" or "Defendant") has agreed to provide a Cash Settlement Amount of an aggregate of $2,500,000 in cash, which shall encompass all cash compensation to the Settlement Class, inclusive of any Fee & Expense Award to Class Counsel; the Service Awards to the named Plaintiffs for their respective contributions to prosecuting the Class's claims in this Action; and all Administrative Costs, estimated to be approximately $100,000.

4. The Court finds and concludes that the Settlement is non-collusive and is the result of arms-length negotiations between the parties after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.

5. In accordance with the Agreement, the Court hereby certifies the following Settlement Class for purposes of this Settlement:  "All current and former Chase credit-card accountholders in the United States to whom Chase charged Cash Advance Fees and/or Cash Advance Interest for Cryptocurrency Transactions made with their Chase consumer credit card during the Class Period."  Excluded from the Settlement Class are Chase; Chase's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which Chase has or had a controlling interest.  Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of her immediate family.  The Class Period is defined as the time between (and including) April 10, 2015 and May 22, 2020.

6. The Court hereby preliminarily finds and concludes, for the purposes of settlement only, that the Settlement Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3).

7. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings:

    a. The Settlement Class, which has approximately 62,000 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1).

    b. There are sufficient questions of fact and law that are common to the Settlement Class regarding cryptocurrency transactions made using Chase credit cards, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

    c. Plaintiffs and each Settlement Class Member assert the same legal claims against Chase for breach of contract and violations of the "clear and conspicuous" requirement of the Truth In Lending Act and Regulation Z, thereby satisfying the typicality requirement of Fed. R. Civ. P. 23(a)(3).

    d. Finkelstein & Krinsk LLP will fairly and adequately represent the Settlement Class and is appointed as Class Counsel.

    e. Named Plaintiffs Brady Tucker, Ryan Hilton, and Stanton Smith will fairly and adequately represent the Class and are appointed as Class Representatives.

    f. For purposes of settlement only, common questions of law and fact predominate over individualized issues, because Plaintiffs' claims arise from (1) whether cryptocurrencies are "cash-like," as that term is defined in

           Chase's cardmember agreements; and (2) whether Chase is liable to Settlement Class Members for the Cash Advance Fees and/or Cash Advance Interest they incurred upon buying cryptocurrencies with their Chase credit cards.

    g.    The Court further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be exceeded by the cost of litigating on an individual basis.

8.    The Court approves KCC Class Action Services LLC (hereinafter the "Administrator") to perform the duties of the Administrator as set forth in this Order and the Agreement.

9.    The Court finds that the proposed Class Notices comport with Fed. R. Civ. P. 23 and all constitutional requirements, including those of due process.  The Court further finds that the Class Notices adequately advise the Settlement Class about the class action; the terms of the proposed Settlement, the benefits to each Settlement Class Member, and the proposed fees and costs to Class Counsel; each Settlement Class Member's right to object or opt out of the Settlement, and the timing and procedures for doing so; Preliminary Approval by the Court of the proposed Settlement; and the date of the Final Approval hearing as well as the rights of Settlement Class Members to file documentation in support of or in opposition to, and appear in connection with, said hearing.  The Court further finds, as specifically described in the Agreement, that the sending of the Email Notice to all Settlement Class Members for whom Chase has provided the Administrator with an email address; the mailing of the Postcard Notice to all Settlement Class Members to their last known address for whom Chase has not provided an email address, with updates from the National Change of Address database; and the maintenance

of a website containing the Complaint, the Long Form Notice, and any motions or orders relating to Preliminary or Final Approval until at least thirty (30) calendar days after Final Approval, constitute reasonable notice to Settlement Class Members of their rights with respect to the class action and proposed Settlement.

10.     Within fourteen (14) calendar days of the Court's preliminary approval of the Settlement, Chase will provide the Administrator with the following information for each Class Member: (1) name; (2) last known email address; and (3) last known mailing address; and (4) the amount that each Class Member incurred in Cash Advance Fees for cryptocurrency transactions (net of reversals).

11.     Within forty (40) calendar days of Preliminary Approval, the Administrator shall send the Class Notices to Class Members in the manner specified in the Agreement.

12.     The Court orders that any request for exclusion from the Settlement must, in order to be timely and valid, be postmarked no later than one hundred (100) calendar days after Preliminary Approval; include the Settlement Class Member's name, address, telephone number, and last four digits of his or her Chase credit card account number(s); state that the Settlement Class Member wants to be excluded from the Settlement in *Tucker et al. v. Chase Bank USA, N.A.*, Case No. 1:18-cv-03155-KPF (S.D.N.Y.), and that the Settlement Class Member understands that he or she will receive no money from the Settlement; and must be personally signed and dated by the Settlement Class Member.

13.     If more than 2% of the total number of Settlement Class Members submit timely and valid opt-out requests, Chase shall have the option to void the settlement.  To exercise this option, Chase's counsel must send written notification to Class Counsel within fourteen (14) calendar days of Chase's receipt of the last timely opt-out statement.

14. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement may object to the Settlement by filing an objection with the Court with copy to Class Counsel and Chase's counsel. Any objection must (1) state the objector's full name, address, and telephone number; (2) include the case name and case number of this Action (*Tucker et al. v. Chase Bank USA, N.A.*, Case No. 1:18-cv-03155-KPF (S.D.N.Y.)); (3) include an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) include all grounds for the objection, accompanied by any legal support for the objection; (5) state the identity of all counsel who represent the objector in this matter, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (6) state whether the objector intends to appear at the Final Approval Hearing and, if so, the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (7) provide a list of all other class action settlements to which the objector or their counsel filed an objection; (8) provide a list of any persons who will be called to testify at the Final Approval Hearing in support of the objection; and (9) include the objector's signature (an attorney's signature is not sufficient). To be timely, the objection must be postmarked no later than one hundred (100) calendar days after Preliminary Approval. Any Settlement Class Member who does not timely submit such a written objection will not be permitted to raise such objection, except for good cause shown, and any Settlement Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such objection.

15. The Final Approval Hearing shall be held before this Court on _____ at _____, at the Thurgood Marshall United States Courthouse, Courtroom 618, New York, NY 10007, to consider the fairness, adequacy, and reasonableness of the proposed Settlement

6

preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and for Service Awards for the Class Representatives.

16. Any party to this case, including any Settlement Class Member, may be heard in person or by counsel, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested Service Awards for the Class Representatives, and any order of Final Approval and judgment regarding such settlement, fees, costs, and payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

17. The Court orders that if for any reason the Court does not execute and file an order of Final Approval and judgment, or if such a Final Approval order is reversed, the Agreement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Agreement.

18. The Agreement shall not be construed as an admission or evidence of liability.

19. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Agreement are stayed.

20. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

IT IS SO ORDERED.

Dated: _____   _____
                                                                    Hon. Katherine Polk Failla
                                                                    United States District Judge