# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

A settlement has been reached in a class action lawsuit pending in the United States District Court for the Southern District of New York entitled *Tucker v. Chase Bank USA, N.A.*, Case No. 1:18-cv-03155-KPF (the "Action").  In the Action, three persons who have credit cards issued by JPMorgan Chase Bank, N.A., f/k/a Chase Bank USA, N.A. ("Chase") allege that cash advance fees and cash advance interest charges assessed by Chase in connection with cryptocurrency purchases made using Chase credit cards violated the Truth in Lending Act and breached the applicable cardholder agreements.  The lawsuit contends that such cryptocurrency transactions are not "cash-like transactions" under the credit card contract and, thus, the cash-advance fees and interest were improper.  Chase disputes that contention and denies that it engaged in any wrongdoing.  The Court has not decided which side is right.  The Court has tentatively approved the proposed settlement agreement (available at www.TuckerChaseSettlement.com) to which the parties have agreed (the "Settlement").

Current and former holders of Chase credit cards who, from April 10, 2015 through May 22, 2020, were assessed cash advance fees and/or cash advance interest charges for cryptocurrency transactions made using their Chase credit card(s), may be eligible to receive a check.

Read this notice carefully. This notice advises you of the benefits that may be available to you under the proposed Settlement and your rights and options as a Settlement Class member.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A CHECK** | If you are entitled under the Settlement to a check, you do not have to do anything to receive it.  If the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, a check will be mailed to the address you maintain with Chase and you will give up your right to bring your own lawsuit against Chase about claims related to cash advance fees or cash advance interest charges assessed by Chase on your Chase credit card(s) for cryptocurrency transactions from April 10, 2015 through May 22, 2020.  Please go to www.TuckerChaseSettlement.com to confirm your mailing address for delivery of your check. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Receive no benefits from the Settlement.  This is the only option that allows you to retain your right to bring another lawsuit against Chase about claims related to cash advance fees or cash advance interest charges assessed by Chase on your Chase credit card(s) for cryptocurrency transactions from April 10, 2015 through May 22, 2020. |
| **OBJECT** | Write to the Court if you wish to object to the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement.  You may speak at a hearing about the fairness of the Settlement if you submit an objection that complies with the requirements in Question 13 (below) and a letter saying that you intend to appear and wish to be heard that complies with the requirements in Question 17 (below). |

QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM

- 2 -

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

The Court still has to decide whether to approve the Settlement.  If it does, and any appeals are resolved, benefits will be distributed to members of the Settlement Class.

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**

| **What This Notice Contains** |
|---|

**BASIC INFORMATION**..................................................................................4
       1.       Why is there a notice?
       2.       What is this litigation about?
       3.       Why is this a class action?
       4.       Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT** ................................................................4
       5.       Who is included in the Settlement?
       6.       What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ..........................................................................5
       7.       What does the Settlement provide?
       8.       How much will my payment be?
       9.       When will I receive my payment?
       10.     What am I giving up if I do not exclude myself from the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...........................................7
       11.     How do I exclude myself from the Settlement?
       12.     If I do not exclude myself, can I sue Chase for the same thing later?
       13.     If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING THE ENTIRE SETTLEMENT CLASS**..............7
       14.     Do I have a lawyer in the case?
       15.     How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ..................................................................8
       16.     How do I tell the Court if I do not like the Settlement?
       17.     What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING** .......................................................................9
       18.     When and where will the Court decide whether to approve the Settlement?
       19.     Do I have to attend the hearing?
       20.     May I speak at the hearing?

**IF YOU DO NOTHING** ......................................................................................10
       22.     What happens if I do nothing at all?

**GETTING MORE INFORMATION** .....................................................................10
       23.     How do I get more information?

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**

## BASIC INFORMATION

### 1. Why is there a notice?

A court ordered that this notice be provided because you have a right to know about the proposed Settlement of this class action lawsuit. This notice explains the lawsuit, the Settlement, and your legal rights.

Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, is overseeing this case, *Tucker v. Chase Bank USA, N.A.*, No. 1:18-cv-03155-KPF (S.D.N.Y.). The persons that sued—Brady Tucker, Ryan Hilton, and Stanton Smith—are the Plaintiffs. JPMorgan Chase Bank, N.A., formerly known as Chase Bank USA, N.A. ("Chase") is the Defendant.

### 2. What is this litigation about?

The lawsuit claims that Chase violated a federal consumer statute, the Truth in Lending Act, and breached its contracts with credit cardholders when the bank charged cash advance fees and cash advance interest for cryptocurrency transactions that cardholders made using their Chase credit cards.

You can review the complaint in this lawsuit on the website www.TuckerChaseSettlement.com. Chase denies that it engaged in any wrongdoing.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case, Plaintiffs) sue on behalf of themselves and other people with similar claims. Together, all the people with similar claims are members of a Class.

### 4. Why is there a Settlement?

The Court has not decided in favor of either Plaintiffs or Chase (together, the "Parties"). Instead, the two sides have agreed to a Settlement. In doing so, the Parties avoid the costs and uncertainty of litigation and a trial, and Settlement Class Members (except those who exclude themselves) receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that Chase did anything wrong. Chase denies all claims in this case. The Class Representatives and their lawyers think the proposed Settlement is in the best interests of Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

If you received notice of the Settlement from a postcard or email addressed to you, then the Parties believe you are in the Settlement Class. But even if you did not receive a postcard or email with notice of the Settlement, you may still be a member of the Settlement Class, as described below.

**QUESTIONS? CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**

If you did not receive a postcard or email addressed to you but you believe you are in the Settlement Class, as defined below, you may contact the Settlement Administrator.

### 5. Who is included in the Settlement?

You are a member of the Settlement Class if you reside in the United States and, between April 10, 2015 and May 22, 2020, Chase charged you cash advance fees and/or cash advance interest for cryptocurrency transactions you made using your Chase credit card(s).

### 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the Settlement website at www.TuckerChaseSettlement.com or call the toll free number, **1-XXX-XXX-XXXX**.  You may also send questions to the Settlement Administrator at **KCC LLC, 222 N Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245**.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

If the Court approves the Settlement and it becomes final, Chase will provide two million five hundred thousand dollars ($2,500,000.00) to settle the Action (the "Cash Settlement Amount"). After paying attorneys' fees to Class Counsel of up to $825,000 and court-approved service awards to the Plaintiffs of up to $7,000.00 each for their participation in the lawsuit, the remaining cash relief (the "Net Cash Settlement Amount") will be distributed among Settlement Class Members to whom Chase charged cash advance fees and/or cash advance interest for cryptocurrency transactions made using their Chase credit card(s) from April 10, 2015 through May 22, 2020. Settlement Class Members' cash awards will be distributed by check.

### 8. How much will my payment be?

Each Settlement Class Member's cash award will depend upon how much Chase charged him or her in cash advance fees for cryptocurrency transactions during the relevant time period. Specifically, cash awards will be calculated using a proportional payment structure, whereby each Class Member will receive a percentage of the total cash advance fees that Chase charged Participating Settlement Class Members for cryptocurrency transactions (net of any reversed fees). The percentage used to calculate Class Member Awards will be determined by dividing the Net Cash Settlement Amount (*see* Question 7) by the total amount of cash advance fees (net of reversed fees) that Chase charged all Participating Settlement Class Members from April 10, 2015 through May 22, 2020 for cryptocurrency transactions.  If the Court were to award the maximum amount of attorneys' fees, costs, and expenses to be sought (*see* Question 15) and $7,000 service awards for each Plaintiff, and if the administrative costs were $100,000, then the percentage described above would be approximately 60%.

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**

- 5 -

### 9. When will I receive my payment?

Settlement Class Members do not need to do anything to receive the cash awards under the Settlement. If the Court approves the Settlement and it becomes final, and you do not exclude yourself from the Settlement (*see* Questions 11 to 13), then a check will automatically be sent by mail to the address you maintain with Chase. Please go to www.TuckerChaseSettlement.com to confirm your mailing address for delivery of your check.

Payments will be sent only after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "The Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

### 10. What am I giving up if I participate in the Settlement?

If the Settlement receives Final Approval from the Court, each Settlement Class Member who has not excluded himself or herself from the Settlement Class, releases, waives, and forever discharges Chase and each of its present, former, and future parents (including JPMorgan Chase & Co.), subsidiaries, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf, including, but not limited to all of their subsidiaries and affiliates (collectively, "Releasees") from any claim or issue relating to or arising out of any of the claims that were asserted in the Action, and any allegations, acts, transactions, facts, events, matters, occurrences, representations, statements, or omissions that were or could have been set forth, alleged, referred to, or asserted in the Action, and whether assertable in the form of a cause of action or as a private motion, petition for relief or claim for contempt, or otherwise, and in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, and whether based on TILA, Regulation Z, or any other federal, state (including, without limitation, breach of contract, tortious interference with contractual relations, breach of the implied covenant of good faith and fair dealing, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.), local, statutory or common law or any other law, rule, regulation, ordinance, code, contract, common law, or any other source, including the law of any jurisdiction outside the United States (including both direct and derivative claims), including any and all claims for damages, injunctive relief, interest, attorney fees, and litigation expenses (the "Released Claims"). Each Settlement Class Member who does not exclude himself or herself from the Settlement Class will also be bound by all of the decisions by the Court.

Section XVI of the Settlement describes the precise legal claims that you give up if you remain in the Settlement. The Settlement is available at www.TuckerChaseSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want benefits from the Settlement, and you want to keep the right to sue Chase on your own about the claims in this case or any other Released Claims, then you must take steps to opt out of the Settlement.  This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement.

**11.  How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must fill out the opt-out form available at www.TuckerChaseSettlement.com and submit the following information:

- Your name, telephone number, and last four digits of your Chase credit card account number(s);
- A statement that you want to be excluded from the Settlement in *Tucker v. Chase Bank USA, N.A.*, Case No. 1:18-cv-03155-KPF (S.D.N.Y.), and that you understand you will receive no benefits from the Settlement; and
- Your signature and date of execution.

You must mail your exclusion request, postmarked no later than [**DATE**]**, 2020**, to **KCC LLC, 222 N Pacific Coast Highway, 3rd Floor, El Segundo, CA 90245**.

**12.  If I do not exclude myself, can I sue Chase for the same thing later?**

No.  If you do not exclude yourself, you will give up the right to sue Chase for the claims that the Settlement resolves.  You must exclude yourself from the Settlement Class if you want to pursue your own lawsuit.

**13.  If I exclude myself, can I still get a payment?**

No.  You will not receive a payment if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING THE ENTIRE SETTLEMENT CLASS

**14.  Do I have a lawyer in the case?**

The Court has appointed lawyers to represent you and others in the Settlement Class as "Class Counsel":

> David J. Harris, Jr.
> FINKELSTEIN & KRINSK LLP
> 501 West Broadway
> Suite 1260
> San Diego, California 92101

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**

Class Counsel will represent you and others in the Settlement Class.  You will not be charged for these counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15. How will the lawyers be paid?** |
|---|

Class Counsel intend to request up to $825,000.00 for their attorneys' fees and reasonable costs and expenses in connection with this case.  The attorneys' fees and expenses awarded by the Court will be paid out of the Settlement Fund.  Class Counsel will file their motion seeking attorneys' fees and expenses by [DATE].  That motion will be available at www.TuckerChaseSettlement.com.  The Court will review Class Counsel's request and determine the amount of fees and expenses to award.

Class Counsel will also request that Service Awards of up to $7,000.00 be paid out of the Settlement Fund to each of the Class Representatives for their service as representatives of the entire Settlement Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **16. How do I tell the Court if I do not like the Settlement?** |
|---|

If you are a member of the Settlement Class, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's request for attorneys' fees and expenses, and/or Class Counsel's requests for Service Awards for the Class Representatives.  To object, you must submit a letter to the following addresses:

| | |
|---|---|
| Clerk of the Court<br>U.S. DISTRICT COURT FOR THE<br>   SOUTHERN DISTRICT OF NEW<br>   YORK<br>Hon. Katherine Polk Failla<br>Thurgood Marshall U.S.<br>   Courthouse<br>40 Foley Square, Courtroom 618<br>New York, NY 10007 | David J. Harris, Jr.<br>FINKELSTEIN & KRINSK LLP<br>501 West Broadway<br>Suite 1260<br>San Diego, CA 92101-3579<br>djh@classactionlaw.com<br><br>Noah A. Levine<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>noah.levine@wilmerhale.com |

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**

Your objection must be postmarked on or before [DATE], 2020 and must include:

- The name of this case (*Tucker v. Chase Bank USA, N.A.*, Case No. 1:18-cv-03155-KPF (S.D.N.Y.));
- Your full name, address, and telephone number;
- All grounds for the objection, accompanied by any legal support for the objection known to you or your counsel;
- A list of all documents that you ask the Court to consider;
- An explanation of whether your objection applies only to you, to a specific part of the class, or to the entire class;
- The identity of all counsel who represent you in this matter;
- The number of times you have objected to a class action settlement in the past five (5) years, including the caption of each case in which you made such objection;
- Whether you or counsel representing you intends to testify at the hearing that the Court has scheduled to determine whether to grant final approval of the Settlement and Class Counsel's request for attorneys' fees and Service Awards to the Class Representatives (the "Final Approval Hearing"); and
- Your signature (an attorney's signature is not sufficient).

### 17. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement *only if you do not exclude yourself*. Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Settlement. If you exclude yourself from the Settlement, then you cannot object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing to decide whether to approve the Settlement and whether to approve Class Counsel's request for attorneys' fees and expenses and for Service Awards for the Class Representatives. You may attend and you may ask to speak, but you don't have to do so.

### 18. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing on **[DATE], 2020 at [TIME]** at the United States District Court for the Southern District of New York, located at the Thurgood Marshall U.S. Courthouse, 40 Foley Square, Courtroom 618, New York, New York 10007. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.TuckerChaseSettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider any requests by Class Counsel for attorneys' fees and expenses and for Service Awards for the Class Representatives. If there are objections, the Court will consider them at the hearing. After the hearing, the Court will decide whether to approve the Settlement, the request for attorneys' fees

and expenses, and the request for Service Awards.  We do not know how long these decisions will take.

**19. Do I have to attend the hearing?**

No.  Class Counsel will answer any questions the Court may have.  But you may attend the hearing at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you submit your written objection on time, to the proper addresses, and it complies with the requirements set forth in Question 16 above and in Section X of the Settlement Agreement, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**20. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must submit an objection that complies with the requirements set forth in Question 16 above and send a letter saying that you intend to appear and wish to be heard.  Your notice of intention to appear must include the following:

- Your full name, address, and telephone number;
- A statement that this is your "Notice of Intention to Appear" at the Final Approval Hearing for Settlement in *Tucker v. Chase Bank USA, N.A.*, Case No. 1:18-cv-03155-KPF (S.D.N.Y.);
- The reasons you wish to be heard;
- Copies of any papers, exhibits, or other evidence or information that is to be presented to the Court at the Final Approval Hearing; and
- Your signature (an attorney's signature is not sufficient).

You must submit your Notice of Intention to Appear so that it is received no later than [DATE], 2020, to the addresses in Question 16 above.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

**21. What happens if I do nothing at all?**

If you do nothing, you will receive the benefits to which you are entitled under this Settlement.

## GETTING MORE INFORMATION

**22. How do I get more information?**

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can obtain the complete Settlement Agreement at www.TuckerChaseSettlement.com.  You also may write with questions to the Settlement Administrator at **KCC LLC, 222 N Pacific**

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**

**Coast Highway, 3rd Floor, El Segundo, CA 90245** or call the toll-free number, **1-XXX-XXX-XXX**.  **Please do not contact Chase or the Court for information.**

**QUESTIONS?  CALL X-XXX-XXX-XXXX OR VISIT WWW.TUCKERCHASESETTLEMENT.COM**