UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADY TUCKER, RYAN HILTON and STANTON SMITH, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE BANK USA, N.A.,<br><br>Defendant. | Case No. 1:18-cv-03155-KPF<br><br>**DECLARATION OF PLAINTIFF RYAN HILTON IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

## DECLARATION OF RYAN HILTON

I, Ryan Hilton, one of the named Plaintiffs in this class action, declare as follows:

1. I am a competent adult, over eighteen years of age, and a citizen of the United States residing in the State of Indiana. I respectfully submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, and my request for appointment as a Settlement Class Representative in this case. I have personal knowledge of the facts in this Declaration and, if called as a witness, I could and would testify competently to these facts.

2. I opened a Visa credit-card account with Defendant JPMorgan Chase Bank, N.A. (formerly known as Chase Bank USA, N.A.) ("Chase") in or about the year 2017.

3. In or about December 2017, I began using my Chase credit card to purchase cryptocurrencies. At first, my cryptocurrency purchases were charged to my credit-card account as ordinary "Purchase" transactions, within the meaning of my Chase cardholder agreement.

4. However, after January 22, 2018, I made additional purchases of cryptocurrencies using my Chase credit card. These additional transactions were unexpectedly charged to my credit-card account as "Cash Advance" transactions, without prior notice to me. Had I known that my latest cryptocurrency purchases would be deemed Cash Advances, I would not have used by Chase credit card to make those additional purchases.

5. I contacted Finkelstein & Krinsk LLP, and subsequently joined this lawsuit in August 2018, to challenge the Cash Advance charges that (I believe) were wrongfully assessed against me and other Chase cardholders who used their credit cards to buy cryptocurrencies.

6. I have decided to act as a named Plaintiff in this case, as well as a Class Representative if the Court appoints me to serve in this role. I understand that as a Class

Representative, it is my job to represent the best interests of all of the proposed Class Members in this case. I am seeking Court appointment as a Class Representative for the following group of proposed Class Members: all current and former Chase credit-card accountholders in the United States to whom Chase charged Cash Advance Fees and/or Cash Advance Interest for Cryptocurrency Transactions made with their Chase consumer credit card during the Class Period.

7. To the best of my knowledge and belief, I have no conflicts of interest with other Class Members in this case. I understand that as a Class Representative, I am only entitled to receive the same proportional share as other Class Members in any financial recovery from Chase.

8. Throughout the past two years, I believe I have fulfilled my duties to zealously but reasonably prosecute this case on behalf of myself and other Class Members. Before filing my complaint in this case, I spent hours assisting and conferring with my counsel, by phone and in writing. I conferred with Class Counsel regarding their investigation and research concerning my claims and those of other Class Members. I conferred with my counsel at the outset regarding some of the risks of initiating this litigation. I reviewed and approved the First Amended Class Action Complaint, before filing it with the Court.

9. After filing my complaint, I remained in regular contact with Class Counsel about the status of the case and ongoing developments in the litigation and settlement processes. Those consultations included discussing strategic issues, scheduling issues, as well as the potential strengths and weaknesses of my claims.

10. Following the motion to dismiss phase, I also conferred with my counsel regarding discovery matters, and the possibility of resolving the case through settlement. Throughout the settlement process, I have remained and will continue to remain informed about settlement

negotiations and proceedings in an effort to protect and advance the interests of other Class Members.

11. I understand that the Settlement, if approved by this Court, will provide a $2,500,000.00 common fund for Class members. I understand the possibility that I and other Class Members could theoretically win more than that *if* we were to win at future stages of this litigation and also prevail at trial. However, I also understand the possibility that I and other Class Members could lose on the merits of our claims, and recover $0 if we were to lose at later stages of litigation or trial. I understand that any trial or appeal(s) relating to this case would likely delay any *potential* financial recovery for Class Members by months or even years. Accordingly, in light of all of the potential risks, delays and expenses of proceeding to and through a final judgment in this case, I believe that the substantial, automatic, and near-term cash recovery provided by this Settlement fairly and reasonably compensates Class Members for our alleged damages in this case.

12. In advance of any final Court approval of this Settlement, I and my counsel will respectfully request that the Court grant me and the two other named Plaintiffs a Service Award of up to $7,000 each for our time, efforts and risks that we took to sue Chase and seek justice on behalf of consumers like ourselves. I understand that the Court has independent discretion to grant or deny our requests for Service Awards.

13. I understand that my counsel will seek Court approval for an award of their attorneys' fees and expenses of totaling up to 33% of the common fund paid by Chase, and that any substantial portion of such fees and expenses that are not approved by the Court will be distributed to Class Members as an additional benefit. My support for this Settlement is not conditioned upon me or my counsel being awarded the respective dollar amounts we seek.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this day of May 22, 2020, in Lawrenceburg, Indiana.

Ryan Hilton