UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
BRADY TUCKER, RYAN HILTON, and
STANTON SMITH, Individually and on Behalf
of All Others Similarly Situated,

                                           Case No. 1:18-cv-03155-KPF

                  Plaintiffs,
      -against-

CHASE BANK USA, N.A.,

                Defendant.
------------------------------------------------------------ X

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING FINAL JUDGMENT AND DISMISSAL

WHEREAS, Plaintiffs Brady Tucker, Ryan Hilton and Stanton Smith ("Plaintiffs") and Defendant JPMorgan Chase Bank, N.A. (formerly known as "Chase Bank USA, N.A.") in the above-captioned Action have entered into a Settlement Agreement and Release (Dkt. 61-1) ("Settlement") dated May 22, 2020, which, subject to the final approval of this Court, provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendant;[1]

WHEREAS, by Order dated June 9, 2020 (Dkt. 66) (the "Preliminary Approval Order"), this Court preliminarily approved the Settlement and further: (i) approved the Parties' form and manner of Notice and authorized distribution of the Notice; (ii) appointed KCC, LLC to serve as Administrator for purposes of distribution of the approved Notice and administration of the Settlement; (iii) established deadlines for the filing of motions in support of Final Approval,

---

[1] All capitalized terms have the meaning assigned to them in the Settlement Agreement (Dkt. 61-1), unless otherwise specified herein.

applications for an award of attorneys' fees, reimbursement of expenses, and Plaintiffs' service awards; and (iv) scheduled the Final Approval Hearing for 3:00 p.m. on October 22, 2020;

WHEREAS, in accordance with the deadlines established in the Preliminary Approval Order, Plaintiffs filed their Unopposed Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards Pursuant to the Settlement Agreement (Dkt. 67) on August 18, 2020, and filed their Unopposed Motion for Final Approval of the Settlement (Dkt. 70) on October 15, 2020, with all supporting submissions;

WHEREAS, the Court has considered all papers filed and arguments made in connection with the Settlement;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. Consistent with this Court's Preliminary Approval Order dated June 9, 2020, the certified Settlement Class consists of:

> All current and former Chase credit-card accountholders in the United States to whom Chase charged Cash Advance Fees and/or Cash Advance Interest for Cryptocurrency Transactions made with their Chase consumer credit card during the Class Period.

Excluded from this Settlement Class are Chase; Chase's officers and directors at all relevant times, as well as members of their immediate families and their legal representatives, heirs, successors or assigns; any entity in which Chase has or had a controlling interest; and the two (2) Settlement Class Members who have

timely and validly requested exclusion from the Class. Also excluded from the Settlement Class are federal, state, and local governments and all agencies and subdivisions thereunder; and any judge to whom this Action is or has been assigned and any member of her immediate family. The Class Period is defined as the time between (and including) April 10, 2015, and May 22, 2020.

3. The Court has reviewed the Declaration of J. Chernila, of the Administrator KCC, and has considered the requirements of Rule 23 and the Due Process Clause with regard to the Class Notices and their distribution and hereby finds and concludes that the distribution of Class Notices by the Settlement Administrator: (i) was implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; (iv) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution including the Due Process Clause, and all other applicable laws; and (v) constituted notice that was reasonably calculated, under the circumstances, to apprise all Settlement Class Members of (a) the pendency of the Action, (b) the effect of the Settlement (including the Releases provided for therein), (c) Class Counsel's request for an award of attorneys' fees, expenses and service awards, (d) each Settlement Class Member's right to object to the Settlement, and (e) each Settlement Class Member's right to appear at the Final Approval Hearing.

4. No Settlement Class Member has objected to the Settlement or to any term or provision thereof, and only two Settlement Class Members have opted out of the Settlement.

5. The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were satisfied as of June 5, 2020.

6. Pursuant to Fed. R. Civ. P. 23(e), and upon consideration of the factors set forth in Fed. R. Civ. P. 23(e)(2), the Court hereby finally approves the Settlement, and finds that it is in all respects fair, reasonable and adequate to resolve this Action.  Specifically, the Court finds and concludes that:

(a) Plaintiffs and Class Counsel adequately represented the Settlement Class in the prosecution of this Action and in negotiating this Settlement;

(b) the Settlement was negotiated at arms-length and in good faith by experienced and knowledgeable counsel for Defendant on the one hand, and experienced and knowledgeable counsel for Plaintiffs and the Settlement Class on the other hand;

(c) this Action was sufficiently advanced at the time the Settlement was executed and, therefore, the Parties had sufficient information to discern a reasonable settlement value for this Action;

(d) had this Settlement not been achieved, all Parties faced significant risks, expenses, and uncertainties in connection with further litigation and trial;

(e) the amount of the monetary relief provided by the Settlement ($2,500,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay associated with any future trial and appeal(s);

(f) the method of distributing the Net Cash Settlement Amount to Class Members is efficient and effective, relying on Defendant's database records and requiring no filing of claims on the part of Participating Settlement Class Members;

(g) the Settlement terms related to attorneys' fees, expenses and Plaintiffs' service awards do not raise any questions or concerns regarding the fairness or reasonableness of the Settlement, and there are no agreements, apart from the Settlement itself, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv);

(h) the Settlement treats Participating Settlement Class Members equitably relative to each other, by calculating each Class Member Award in a manner that is proportionate to the relevant Cash Advance Fees actually incurred by each Participating Settlement Class Member.

7. Settlement Class Members, having been provided adequate Notice of the Settlement terms, including provisions for the requests of attorneys' fees, litigation expenses, and service awards to the Class Representatives, reacted positively to the Settlement, as evidenced by the fact that no Settlement Class Member has objected to any term of the Settlement.

8.     Based upon the foregoing, which takes into account each of the factors specified in Rule 23(e)(2), the Court hereby GRANTS the Unopposed Motion for Final Approval (Dkt. 70) and the Unopposed Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards (Dkt. 67).

9.     The Court finds that the Settlement is fair, reasonable and adequate, and therefore, the Settlement is finally approved.  The Parties are hereby directed to fully and promptly administer the Settlement in accordance with its terms.

10.    As of the Effective Date, pursuant to Fed. R. Civ. P. 54(b), all of the claims asserted by Plaintiffs and Participating Settlement Class Members in this Action are hereby DISMISSED WITH PREJUDICE.  The Parties shall each bear their own costs and expenses, except as otherwise expressly provided in the Settlement (Dkt. 61-1).

11.    The terms of the Settlement and of this Judgment shall be forever binding on Defendant, Plaintiffs and all Participating Settlement Class Members, as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

12.    The Releases set forth in Article XVI of the Settlement (Dkt. 61-1 ¶¶ 98-100) are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, the Court orders that, as of the Effective Date, the Plaintiffs and each of the Participating Settlement Class Members, on behalf of themselves and their respective officers, directors, heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall, with respect to each and every Released Claim, be deemed to have, and by

operation of law and of this judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every Released Claim against the Defendant and the other Released Parties, and shall forever be enjoined from prosecuting any or all of the Released Claims against any of the Released Parties as more fully set forth in the Settlement.

13. This Judgment incorporates and makes a part hereof: (a) the Settlement filed with the Court on May 26, 2020 (Dkt. 61-1), and (b) the Notice approved by this Court on June 9, 2020.

14. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Administrator.

15. Without further approval from the Court, Plaintiffs and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and the Defendant

may also agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

      16.    The Clerk of the Court is expressly directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 58 of the Federal Rules of Civil Procedure.

      SO ORDERED.

Dated:     October 22, 2020  
              New York, New York

                                      HON. KATHERINE POLK FAILLA  
                                      UNITED STATES DISTRICT JUDGE